**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PERCIVAL VALENTINE,**

                **Plaintiff,**                **9:05-CV-232
                                                         (GLS/RFT)**

          v.

**D.B. DREW and KATHY
SNYDER,**

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| PERCIVAL VALENTINE<br>Plaintiff, *Pro Se*<br>55317-053<br>USP Canaan<br>P.O. Box 300<br>Waymart, Pennsylvania 18472 | |
| **FOR THE DEFENDANTS:** | |
| HON. GLEN T. SUDDABY<br>Office of United States Attorney<br>445 Broadway<br>218 James T. Foley U.S. Courthouse<br>Albany, New York 12207 | BARBARA D. COTTRELL<br>Assistant U.S. Attorney |

**Gary L. Sharpe
U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

After Percival Valentine filed a § 1983 action for violation of his First Amendment rights, *see Dkt. No. 1; see also* 42 U.S.C. § 1983, his complaint was referred to Magistrate Judge Randolph F. Treece for report and recommendation.[1]  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G).  Subsequently, Judge Treece issued a report recommending that the complaint be dismissed.  *See Report-Recommendation ("R&R"), Dkt. No. 29.*[2]

Broadly construing Valentine's complaint, Judge Treece concluded the following: (1) the complaint may be construed against the defendants in their individual capacities; (2) Valentine failed to establish actual injury to show that he is not pursuing a frivolous claim; and (3) regardless, he was not denied reasonable access to adequate legal materials.  As to this last point, Judge Treece noted that while federal prisons are not required to maintain state law materials, the prison did provide the Maryland and

---

[1] Valentine claims that he was not provided sufficient access to state law material in the law library of a federal prison.  He specifically argues that, due to the insufficient access to state law material, he was hindered from pursuing an attack on a state conviction that served as the basis for his current enhanced federal sentence.

[2] The Clerk is directed to append Judge Treece's Report-Recommendation to this decision, and familiarity is presumed.  *See Dkt. No. 29.*

Atlantic 2d Reporters as well as an array of federal materials, a legal aid program and access to an inmate law clerk.

Valentine has now filed timely objections to Judge Treece's report. *See Dkt. No. 30.* Valentine's sole specific objection will be reviewed under a *de novo* standard, while the remainder of his objections are unspecific and will be reviewed under a clearly erroneous standard. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

Valentine's sole specific objection challenges Judge Treece's observation concerning his failure to name the defendants in their individual capacities. However, this objection misquotes the report. Specifically, Judge Treece states that while Valentine does not name the defendants either way, the suit "may proceed against the defendants in their individual capacities." Therefore, Valentine's objection is moot.

The remainder of Valentine's objections do not specifically address Judge Treece's factual or legal conclusions. Instead, Valentine has simply repeated the facts and arguments contained in his original motion papers.

3

His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims. Given the inadequacy of Valentine's objections, he has procedurally defaulted. *See Almonte,* 2006 WL 149049, at *4. Accordingly, the court has reviewed Judge Treece's report and recommendation for clear error. *See id.* at *6. Having discerned none, the court adopts the report and recommendation in its entirety.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Treece's August 23, 2006 Report-Recommendation (**Dkt. No. 29**) is accepted and adopted in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss or in the alternative summary judgment (**Dkt. No. 20**) is **GRANTED** and the complaint **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

February 16, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

4