UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PERCIVAL VALENTINE,

               Plaintiff,               9:05-CV-232
                                                  (GLS/RFT)

      v.

D.B. DREW and KATHY
SYNDER,

               Defendants.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

PERCIVAL VALENTINE
Plaintiff, *Pro Se*
55317-053
USP Canaan
P.O. Box 300
Waymart, New York 18472

**FOR THE DEFENDANTS:**

HON. GLEN T. SUDDABY         BARBARA D. COTTRELL
Office of United States Attorney   Assistant U.S. Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## **ORDER**

*Pro se* plaintiff Percival Valentine moves for reconsideration of this court's February 16, 2007 decision adopting Magistrate Judge Randolf F. Treece's Report-Recommendation in its entirety and granting defendants' motion for summary judgment. *See Dkt. Nos. 33, 32.* For the following reasons, his motion is denied.

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).[1] The moving party must "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.,*

---

[1] Northern District of New York Local Rule 7.1(g) provides,

> Motions for reconsideration or reargument, unless Fed. R. Civ. P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2)....Motions for reconsideration or reargument will be decided on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. R. 7.1(g).

2

182 B.R. 1, 2 (N.D.N.Y. 1995).  Generally, the prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Id.* at 3 (citation omitted).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.  "[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Gaston v. Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (citation omitted).

      Valentine has failed to demonstrate any of the three grounds for reconsideration.  He has not articulated a clear error, set forth new evidence or cited any authority relevant to a change in the controlling law.  Instead, he cites *Lewis v. Casey*, 518 U.S. 343 (1996), in support of his contention that he suffered an "actual injury."  However, Judge Treece addressed this landmark case in his report and concluded that Valentine did not have standing to claim a constitutional violation.  *See Dkt. No. 29;*

3

*see also Lewis v. Casey*, 518 U.S. 343, 354 (1996) (in order to show actual injury for purposes of a law library claim, the inmate must be pursuing direct appeals from the conviction for which he was incarcerated, a *habeas corpus* peition, or a civil rights claim.[2]

The remainder of Valentine's motion he reiterates the same arguments he made in his original motion papers and objections to Judge Treece's Report and Recommendation.  *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and...explain[ed] to the Court how its analysis is 'erroneous'"); *U.S. v. Delvi*, S12-CR-74, 2004 U.S. Dist. LEXIS 1672, at *5 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").  A motion for reconsideration is not an opportunity for "a second bite at the apple."  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)

---

[2]In sum, Valentine seeks to attack a state conviction that served as a basis for an enhanced federal sentence for which he is currently serving time.  However, he is not seeking an appeal from the federal conviction itself, nor is he seeking relief by a *habeas* petition or § 1983 claim.  Therefore, Valentine has not shown actual injury for purposes of relief.

4

(citation omitted).  Accordingly, Valentine's motion for reconsideration is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Valentine's motion for reconsideration (*Dkt. No. 33*) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

May 7, 2007
Albany, New York

*[signature]*
Gary L. Sharpe
U.S. District Judge